IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARVIN LOVE                                                                                                    PLAINTIFF

VS.                            CASE NO. 4:09CV00043 JMM

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE, ET AL.                            DEFENDANTS

## ORDER

Pending before the Court is defendants' Motion for Summary Judgment and plaintiff's response. For the reasons stated below, the motion is granted (#7).

Plaintiff filed a complaint in this Court alleging that defendants discriminated against him based upon his race in violation of Title VII and 42 U.S.C. § 1981. Defendants filed their Motion for Summary Judgment contending that plaintiff, a federal employee, failed to exhaust his administrative remedies before filing his lawsuit.

*Facts*

Defendants hired plaintiff, an African American, as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") on September 8, 1987. Plaintiff was terminated on January 4, 2005, for (1) failure to report the discharge of plaintiff's ATF-issued firearm, (2) willful misuse of government furnished automobile for other than official purpose; and (3) lack of candor.

1

Plaintiff appealed his termination to the United States Merit Systems Protection Board ("MSPB"). Plaintiff's appeal did not contain allegations of racial discrimination. The administrative judge upheld the termination and plaintiff's Petition to Review was denied on October 3, 2005.

Plaintiff filed a Petition to Review the MSPB decision with the United States Court of Appeals for the Federal Circuit. The Federal Circuit affirmed plaintiff's termination. Plaintiff filed for a petition for a Writ of Certiorari to the Supreme Court on September 26, 2006, which was denied on December 4, 2006.

Plaintiff filed a Petition for Rehearing of the denial of his Writ of Certiorari on December 27, 2006. In his Petition for Rehearing, plaintiff contended that white Special Agents were not terminated by the ATF for actions similar to his which he believed proved that his termination resulted from discrimination based upon race. Plaintiff's Petition for Rehearing was denied on February 20, 2007.

Plaintiff contacted an EEO counsel on March 15, 2007, concerning his claims of racial discrimination. Plaintiff's concerns were not resolved during counseling and he received the Notice of Right to File a Discrimination Complaint on April 16, 2007.

Plaintiff filed an EEO Complaint of Discrimination on May 1, 2007, with the Department of Justice in which he alleged that the ATF discriminated against him based upon his race. On December 3, 2008, the Department of Justice dismissed plaintiff's EEO complaint based upon plaintiff's previous election to appeal his removal to the MSPB.

Plaintiff filed this Title VII complaint in the United States District Court for the Eastern Division of Arkansas alleging racial discrimination on January 22, 2009.

*Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Where a motion for summary judgment is properly made and supported an opposing party must set forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e)(2)

Plaintiff is subject to the "federal employment" provisions of Title VII, which state that each federal agency will establish procedures for the processing of discrimination complaints. *See* 42 U.S.C. § 2000e-16(b). EEOC regulations require that federal employees who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint with the agency in order to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105(a). This initial contact with a counselor must be accomplished within 45 days of the alleged discriminatory conduct, or in the case of a personnel action, within 45 days of the effective date of the action. *See Id.* The EEO counselor conducts an interview with the aggrieved person within thirty days of the date first contacted and if the matter is not resolved within that thirty-day period, the aggrieved person is to be notified of the right to file a formal discrimination complaint with the agency. *Id.*; *see also* 29 C.F.R. § 1614.106 (complaint process). If the agency complaint is denied, the employee can file a Title VII complaint in federal court. *See* 29 C.F.R. 1614.110.

However, before filing this Title VII complaint, federal employees must exhaust available administrative remedies. See *Bailey v. United States Postal Serv.*, 208 F.3d 652, 654 (8th Cir.2000).

Defendants contend that plaintiff failed to exhaust his administrative remedies because he did not comply with 29 C.F.R. § 1614.105(a)(1) by initiating contact with an EEO counselor within 45 days of the alleged acts of discrimination as required. Plaintiff contends that he exhausted his available administrative remedies when he contacted an EEO counsel on March 15, 2008.[1] Plaintiff concedes that his initial contact was not made within the required 45-day period, but contends that equitable tolling should apply. Assuming that equitable tolling does apply, the 45-day time period would have started to run when the plaintiff became aware of the alleged discrimination.

Plaintiff admits that as of December 27, 2006, he believed that he had been discriminated against based upon his race because he learned of similarly-situated white Special Agents who had engaged in conduct comparable to his who had not been terminated. Plaintiff did not contact an EEO counselor until March 15, 2007, which is well after the relevant 45-day period had expired. Thus, even with the application of equitable tolling, plaintiff's Title VII claim is barred by his failure to exhaust administrative remedies.

---

[1] The Court assumes without deciding that plaintiff is not foreclosed from utilizing the EEO process as he did not file a "mixed case appeal" containing a claim of racial discrimination in his MSPB case. *See McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995) ("a mixed case may be pursued with the agency's EEO department or as an appeal to the MSPB, but not both").

Plaintiff also contends that 29 C.F.R. § 1614.105(a)(2) should be applied to his case.  This regulatory provision allows for an extension under certain circumstances of the 45-day time period.  This argument fails as there is no evidence that plaintiff ever sought such an extension from the agency.

Plaintiff concedes that he does not have a cause of action under 42 U.S.C. § 1981 as § 1981 does not apply to federal employees.  *See Mathis v. Henderson*, 243 F.3d 446, 451 (8th Cir. 2001) (" 42 U.S.C. § 2000e-16, 'provides the exclusive judicial remedy for claims of discrimination in federal employment.'") (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)).

*Conclusion*

Based upon plaintiff's failure to exhaust his administrative remedies and plaintiff concession regarding his § 1981 claim, his complaint is dismissed for lack of jurisdiction.  Judgment will be entered accordingly.

Plaintiff's request made pursuant to Federal Rule of Civil Procedure 56(f) for additional time to conduct discovery as to the merits of the case is denied as moot.

IT IS SO ORDERED THIS   29   day of   October , 2009.


_____
James M. Moody
United States District Judge